**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EDWARD THOMAS,

    Petitioner,

v.

WARDEN, F.C.I. FAIRTON,

    Respondent.

Civil Action No. 23-3028 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Edward Thomas purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

**I.**     **BACKGROUND**

Petitioner is a convicted federal prisoner currently serving a prison sentence on conspiracy to commit sex trafficking charges of which he was convicted in the District of Connecticut. (ECF No. 1 at 11-13.) Following a jury trial and his conviction, Petitioner appealed, but the Second Circuit affirmed his conviction and sentence. *See United States v. Walters*, 678 F. App'x 44, 46

(2d Cir.), *cert. denied sub nom.*, *Thomas v. United States*, 138 S. Ct. 343 (2017). In 2018, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but that motion was denied in 2022. *See Thomas v. United States*, No. 18-1707, 2022 WL 939647 (D. Conn. Mar. 29, 2022). Petitioner now seeks to use § 2241 to directly challenge his sex trafficking conviction as, by Petitioner's own admission, he cannot file a second § 2255 motion as none of his claims fit the strict gatekeeping rules applicable to such a filing. (ECF No. 1 at 11.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his current petition, Petitioner seeks to challenge his sex trafficking conviction through a habeas petition filed pursuant to 28 U.S.C. § 2241. Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255

2

in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). While various Courts of Appeals had previously held that, under certain very limited circumstances, a prisoner could resort instead to a § 2241 petition, the United States Supreme Court recently overruled these decisions, holding that a prisoner may not resort to challenging his conviction through a § 2241 petition unless "unusual circumstances make it [essentially] impossible . . . to seek relief in the sentencing court" such as where the sentencing court no longer exists. *See Jones v. Hendrix*, 599 U.S. ---, ---, 2023 WL 4110233, at *7-9 (June 23, 2023). As a result, so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law permits "only two [] conditions in which" a petitioner who has previously had a § 2255 motion denied to file another collateral attack on his conviction or sentence – those laid out in § 2255(h) for the authorization of a second or successive motion by the applicable court of appeals. *Id.* at *7. A petitioner who has already filed a § 2255 motion and been denied relief through such a motion who cannot meet these gatekeeping requirements may not resort to a habeas petition brought pursuant to 28 US.C. § 2241 to challenge his conviction or sentence. *Id.*

Because Petitioner freely admits that he meets neither of the gatekeeping requirements for the authorization of a second or successive § 2255 motion, he may not resort to his current habeas petition to raise his claims. *Id.* Therefore, this Court must dismiss Petitioner's habeas petition for lack of jurisdiction. To the extent Petitioner wishes to continue to challenge his conviction, he may do so only through seeking and being granted leave to file a second or successive motion to vacate sentence by the Court of Appeals for the Second Circuit. *Id.*

## IV. CONCLUSION

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge